---

## Porter & Brazelton *vs.* Moffett.

### *Appeal from Henry,*

A court of equity will relieve, where by the practices and management of the plaintiff, the defendant has been induced to suffer default in an action at law.

Where a bill is filed for an injunction and relief, and that part of the bill which sets forth the facts that would justify an interference was not sworn to, although the injunction would be dissolved, the bill should not be dismissed.

This court will not enquire into the regularity of a default, in the District Court, unless the record shows it to have been contrary to the rules of that court.

Porter & Brazelton, filed their bill in equity, praying for an injunction and relief. This bill set forth, that Moffett had obtained a judgment at law, against them by default. It set forth a meritorious defence to said action, and alleged as an excuse for not having appeared and defended the suit, that the plaintiff (Moffett) instituted his suit against them, on the 30th of January 1839. That on the 14th day of March 1839, he filed his declaration in covenant against them—that on the second day of April they appeared by their attorney and filed a demurrer to the declaration, and on the 3d of April they filed their plea of the general issue, and notice of special matter of defence, that on the 4th of April the demurrer was sustained, and leave granted to amend the declaration. May 1st 1839, plaintiff filed a new declaration, not as an amended declaration. At the August term 1839, the case was continued and a rule entered on the docket of the court for defendants to plead by the first day of January 1840. Complainants had no notice of this rule, nor do they know whether their attorney had or not, that their said attorney died during the autumn of 1839, not having previously filed any other plea than the general issue aforesaid, to the first declaration, before it was amended. They further state, that as there was no settled rules of practice in the District Court, and inasmuch as the said plea containing all their defence had been left on file, and there being no other attorney residing in the county, to whom they could in their judgment safely entrust their case, they did not deem it expedient to employ another attorney until the spring term of 1840.

Under this state of facts, the plaintiff entered default against them, on the first day of January, on the clerk's docket which is alleged to have been irregular. That default was confirmed and judgment rendered thereon.

This bill was regularly sworn to, and thereupon an injunction was issued to stay proceedings in the suit at law.

An amended bill was subsequently filed, setting forth in addition to the charges already made, that the reason why said complainants did not appear in the court, and defend said suit, was "that there was in the fall of 1839 a compromise pending between said Moffett, and said Brazelton, acting for himself and said Porter about the matter in litigation, and it was *understood and agreed* that said suit should be withdrawn," and they charge that Moffett entered into this pretended arrangement in order to deceive the complainants. This amended bill was not sworn to.

At the next term of the district court in Henry county a motion was

made to dismiss the bill for want of equity, apparent on the face thereof, which motion was sustained and the bill dismissed. Thereupon an appeal was taken to the Supreme Court.

J. C. HALL, for complainants.

G. W. TEAS, for defendants.

BY THE COURT, MASON, CHEIF JUSTICE.—We see nothing in the original petition, which should have prevented it from being dismissed. The District Court was clearly within the limits of its authority in ruling the defendant to plead by a day in vacation, and in entering up judgment at the subsequent term for want of such plea. Whether the default was properly entered in vacation, we cannot enquire. The District Courts can make their own rules on that subject, and what those rules are we cannot know further than they are set forth in the record before us.

But the amended petition sets forth some ground for the interposition of a court of equity. It states that prior to the day on which the defendants were ruled to plead, there was a compromise pending between the defendant in this action, and one of the complainants, and that it was understood, and agreed that the suit should be withdrawn. This is alleged as the reason not only for not pleading in time, but also for not appearing at the next term of the court.

If this be the true state of the facts, their negligence was excusable, and they would be entitled to relief. It is true that the amended petition was not sworn to, and on that account a motion to dissolve the injunction, would have been properly sustained, but after such dissolution the complainants would have been entitled to have proceeded with their suit, and to have obtained relief, if they had shown themselves entitled to it, at the final hearing. The dismission of the petition, improperly deprived them of this right. The order of the court below dismissing the petition will therefore be reversed, and the cause remanded to the District Court of Henry county.